IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WEST, and <br> JENNIFER WEST, <br><br> Plaintiffs, <br><br> v. <br><br> JERAMY ROGERS, in his individual capacity; and <br> CHRIS TURNER, in his individual capacity, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-25-366-SLP <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**O R D E R**

Before the Court are Defendants' Motion to Deem Confessed their Motions to Dismiss [Doc. No. 12] and Plaintiffs' Motion to File Out of Time [Doc. No. 13]. Plaintiffs have also filed a Response to Defendants' Motion to Deem Confessed [Doc. No. 14] and a Supplemental Notice as to Relief Requested in Plaintiff's Motion to File Out of Time [Doc. No. 16].[1] Plaintiffs seek to file a combined response to Defendants' Motions to Dismiss [Doc. Nos. 6, 11] by September 3, 2025. *See* Supp. Not. [Doc. No. 16].

Defendant Chris Turner filed an expedited Response [Doc. No. 18] pursuant to the Court's August 28, 2025 Order [Doc. No. 17]. Defendant Turner acknowledges that the Court may not grant his motion to dismiss merely because Plaintiffs failed to timely respond, and it must still examine the allegations of the Complaint to determine whether

---

[1] Plaintiffs timely filed their Notice pursuant to the Court's August 25, 2025 Order [Doc. No. 15].

Plaintiffs have stated a claim upon which relief may be granted. *See id.* at 2; *see also Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003)). Nevertheless, Defendant Turner pivots to request dismissal of Plaintiffs' claims as a sanction for failure to comply with the Court's Local Rules. [Doc. No. 18] at 2. Although he generally cites the factors relevant to dismissal as a sanction, he does not argue their application in this case. *See id.*

The Court finds no sanction would be appropriate under the circumstances. Final disposition of a party's claim "is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). This is a "highly fact specific" inquiry, *see id.* at 1196, but Defendant Turner does not engage with any of the relevant factors. As such, the Court is unable to discern any prejudice whatsoever that may result from Plaintiffs having an opportunity to respond to Defendant Turner's Motion, and there has been no meaningful interference with the judicial process.

As a lesser sanction, Defendant Turner alternatively asks the Court to consider his motion without permitting a response from Plaintiffs. The Court declines to impose such a sanction where Defendant Turner has not articulated any prejudice associated with the delay. Defendant Rogers, who is represented by the same counsel, does not oppose Plaintiffs' request, and Plaintiffs seek to file a combined response to both motions in short order. Accordingly, there would be no additional delay associated with Plaintiffs responding to Defendant Turner's motion in the same filing.

Nevertheless, the Court admonishes counsel for Plaintiffs that it expects strict compliance with the Court's Local Rules and future deadlines. While sympathetic to the

difficult emergency circumstances described in Plaintiffs' recent filings, it appears those circumstances occurred after Plaintiffs' response to Defendant Turner's Motion was past due. To the extent Plaintiffs seek extensions of deadlines in the future, they must address either good cause or excusable neglect under Federal Rule of Civil Procedure 6(b), as applicable. Failure to do so may result in denial of a motion for an extension of time.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to File Out of Time [Doc. No. 13] is GRANTED. Plaintiffs may file their combined response to Defendants' Motions to Dismiss [Doc. Nos. 6, 11] by September 3, 2025. Failure to do so may result in dismissal of Plaintiffs' claims without prejudice.

IT IS FURTHER ORDERED that Defendants' Motion to Deem Confessed [Doc. No. 13] is DENIED as MOOT.

IT IS SO ORDERED this 2nd day of September, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE