IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DAVID WEST, and JENNIFER WEST,                     )
                                                   )
    Plaintiffs,                                )
                                                   )
v.                                                 )    Case No. CIV-25-366-SLP
                                                   )
JERAMY ROGERS, in his individual capacity; and,    )
CHRIS TURNER, in his individual capacity,          )
                                                   )
    Defendants.                                )

**O R D E R**

Before the Court is Defendant Chris Turner's Motion to Dismiss Plaintiffs' Amended Complaint and Brief in Support [Doc. No. 6]. Also before the Court is Defendant Jeramy Rogers's Motion to Dismiss Plaintiffs' Amended Complaint and Brief in Support [Doc. No. 11]. Plaintiffs have responded, *see* Resp. [Doc. No. 20], and the Defendants replied, *see* Reply [Doc. No. 21].[1] The matter is fully briefed and ready for determination. For the reasons that follow, the Motions are GRANTED.

I.     **Introduction**

Plaintiffs filed this civil rights action on March 31, 2025. *See* Compl. [Doc. No. 1]; Am. Compl. [Doc. No. 3]. Pursuant to 42 U.S.C. § 1983, they assert claims against both Defendants for unlawful seizure in violation of the Fourth Amendment. *See* Am. Compl.

_____

[1] Plaintiffs submitted a response brief addressing both Motions to Dismiss. *See generally* Resp. [Doc. No. 20]. Defendants submitted a joint reply addressing Plaintiffs' response brief. *See generally* Reply [Doc. No. 21].

[Doc. No. 3] at 10-11.  Plaintiffs claim they were unlawfully detained and/or arrested by the Defendants after being suspected of discharging a firearm in Seiling, Oklahoma. *Id.*[2] Defendants have moved to dismiss Plaintiffs' claims, pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that: (1) Plaintiffs have failed to sufficiently allege Defendants have committed constitutional violations; and (2) Defendants are entitled to qualified immunity. *See* Turner Mot. [Doc. No. 6] at 9-11; Rogers Mot. [Doc. No. 11] at 8-11. [3]

## II.     Governing Standard

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  But "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210,

---

[2] It is not clear from the Amended Complaint whether Plaintiffs allege Jennifer West was detained or arrested.

[3] Defendants also assert that the Amended Complaint fails to provide fair notice, as required by Fed. R. Civ. P. 8, of the grounds for which the claims are being made against the Plaintiffs. *See* Turner Mot. [Doc. No. 6] at 7-8; Rogers Mot. [Doc. No. 11] at 7-8.  Because Plaintiffs have failed to sufficiently allege facts for their claims to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court need not decide Defendants' arguments as to this issue.

1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

### III.   Factual Allegations of the Complaint[4]

Around 2:30 p.m. on January 15, 2024, a firearm was discharged at Gore Nitrogen and Pumping Service in Seiling, Oklahoma. *See* Am. Compl. [Doc. No. 3] at 12. At the same time, Plaintiffs were parked in their vehicle at a veterinarian's office near the Gore Nitrogen facility. *Id.* Plaintiffs began travelling on a highway toward Woodward, Oklahoma when, at approximately 3:30 p.m., Chris Turner (Turner), a member of the Woodward County Sheriff's Department, initiated a traffic stop of Plaintiffs' vehicle. *Id.* at ¶¶12-14. Once Plaintiffs had stopped their vehicle on the shoulder of the roadway, Turner "took a defensive position behind his police unit, unholstered his firearm, and aimed the gun at" Plaintiffs' vehicle. *Id.* at ¶ 15. Turner then instructed Plaintiffs to turn their vehicle off and place their hands outside the vehicle, to which Plaintiffs complied. *Id.* Turner instructed David West to leave the vehicle and walk backwards towards Turner. *Id.* David West was then placed in handcuffs and searched. *Id.* Turner and other law enforcement attempted to place David West in the back seat of a Woodward County law enforcement vehicle. *Id.* After several attempts, David West was placed sideways in the back of the vehicle and was "left for approximately 20 minutes." *Id.* During that time,

---

[4] The Court views the factual allegations of the Amended Complaint in the light most favorable to Plaintiffs as the non-moving parties. *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018).

David West suffered a tear in the rotatory cuff of one of his shoulders. *Id*. After David West had been detained, Jennifer West "was ordered out of the [Plaintiffs'] vehicle at gunpoint" and was subsequently detained. *Id*. at ¶ 17.

Around 3:56 p.m., Jeramy Rogers (Rogers), a member of the Dewey County Sheriff's Department, "arrived at the scene, screamed at [David West], and demanded that [David West] produce the firearm or else [Rogers] was going to take [Jennifer West] to jail in handcuffs. *Id*. at ¶ 20. David West was subsequently transported to the Dewey County Sheriff's Office. *Id*. at ¶ 22. After arriving, David West "was [ ] read his Miranda rights" and "subjected to a gunshot residue test, a search and seizure of his cell phone, and an interrogation by" Rogers. *Id*. at ¶ 23. Rogers told David West "that if [he] did not confess to discharging the firearm, whether accidentally or intentionally, his wife . . . would be placed under arrested [sic]." *Id*. Around 9:00 p.m. that same day, David West was released from custody after David West agreed to "take a polygraph examination later in the week, and to leave his cell phone with" Rogers. *Id*. at ¶ 25. Approximately an hour later, Rogers advised Plaintiffs' son that an individual confessed to the firearm discharge. *Id*. at ¶ 26. Plaintiffs allege that there was a "complete lack of evidence that [Plaintiffs] had committed any crime." *Id*. at ¶ 24.

## IV.    **Discussion**

As an initial matter, Defendant Rogers asserts Plaintiff's Amended Complaint is deficient under Rule 12(b)(6) as to Jeniffer West's claims against Defendant Rogers. *See* Rogers Mot. [Doc. No. 11] at 7-8. Plaintiffs' Response does not specifically address this issue. When bringing a claim under § 1983, a plaintiff must allege facts demonstrating a

4

defendant is responsible for a plaintiff's constitutional deprivation. *See Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007). Plaintiffs do not allege any facts that create the inference that Rogers assisted in the detainment and/or arrest of Jennifer West. Plaintiffs allege Rogers arrived approximately 25 minutes after the initial detainment of Plaintiffs. *See* Am. Compl. [Doc. No. 3] at ¶ 20. While Plaintiffs allege Jennifer West could hear the conversation occurring between Rogers and David West while David West was detained at the scene, there are no facts alleging that Rogers interacted with Jennifer West. *See id*. at ¶¶ 20-22. Because Plaintiffs have not alleged that Defendant Rogers was involved in the detainment and/or arrest of Jennifer West, the Court finds that Jennifer West has failed to state a Fourth Amendment claim against Defendant Rogers.

As to the remaining claims, Defendants assert Plaintiffs' Fourth Amendment claims should be dismissed as Plaintiffs have not sufficiently alleged that there was a lack of probable cause nor a lack of reasonable suspicion.[5] *See* Turner Mot. [Doc. No. 6] at 9-11; Rogers Mot. [Doc. No. 11] at 8-11. Plaintiffs responded by asserting that there was no sufficient evidence to effectuate the detention and/or arrest of the Plaintiffs. *See* Resp. [Doc. No. 20] at 10, 16.

The Fourth Amendment guarantees individuals are protected "against unreasonable searches and seizures." U.S. CONST. Amend. IV. "In applying the Fourth Amendment's protections against unreasonable searches and seizures, the Supreme Court has recognized

---

[5] Turner argues in his Motion to Dismiss that Plaintiffs Amended Complaint fails to allege facts sufficient to demonstrate that Turner placed Plaintiffs under custodial arrest. *See* Turner Mot. [Doc. No. 6] at 9-10. Plaintiffs use both the terms "detainment" and "arrest" throughout the Amended Complaint as to both David West's and Jennifer West's circumstances.

three types of police-citizen encounters: consensual encounters, investigative detentions, and arrests." *Koch v. City of Del City*, 660 F.3d 1228, 1238 (10th Cir. 2011) (citations omitted). "Whereas a warrantless arrest requires probable cause to believe that a crime was or is being committed, an investigative detention, also known as a *Terry* stop, requires only reasonable suspicion." *Soza v. Demsich*, 13 F.4th 1094, 1100 (10th Cir. 2021) (citing *United States v. Shareef*, 100 F.3d 1491, 1500 (10th Cir. 1996)). "Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to have the belief that an offense has been . . . committed by the person to be arrested." *Koch*, 660 F.3d at 1239 (citing *United States v. Alonso*, 790 F.2d 1489, 1496 (10th Cir. 1986)). Such an inquiry is an objective standard, looking at the mindset of a reasonable officer in the same circumstances. *Id.* Where qualified immunity has been asserted, "an officer may be mistaken about whether he possesses *actual* probable cause to effect an arrest, so long as the officer's mistake is reasonable . . . , so long as he possesses arguable probable cause." *A.M. v. Holmes*, 830 F.3d 1123, 1140 (10th Cir. 2016) (cleaned up and citations omitted); *see also Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) ("Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists."). Likewise, when evaluating reasonable suspicion, the Court looks to "the totality of the circumstances to see whether the detaining officer had a particularized and objective basis for suspecting legal wrongdoing." *Cortez v. McCauley*, 478 F.3d 1108, 1123 (10th Cir. 2007) (citing *United States v. Arvizu*, 534 U.S. 266, 273 (2002)).

Turner argues in his Motion to Dismiss that Plaintiffs Amended Complaint fails to allege facts sufficient to demonstrate that Turner placed Plaintiffs under custodial arrest. *See* Turner Mot. [Doc. No. 6] at 9-10.   Plaintiffs inconsistently use both the terms "detainment" and "arrest" throughout the Amended Complaint and their Response [Doc. No. 20] to describe David West's and Jennifer West's circumstances.  Whether Plaintiffs were detained or arrested by Defendants is immaterial to the Court's analysis as Plaintiffs do not sufficiently allege the lack of probable cause nor reasonable suspicion.[6]

Plaintiffs allege that while they were parked at the veterinary clinic in Seiling, and "[u]nbeknownst to them, a firearm had been discharged at the Gore Nitrogen Pumping Service near the Vet's Office."  Am. Compl. [Doc. No. 3] at ¶ 12.  Whenever Turner pulled over Plaintiffs on the side of the road, Plaintiffs "were confused by the seemingly unwarranted police intrusion as [they] were confident they had not violated any traffic laws."  *Id*. at 14.  Upon being interrogated by Rogers, David West "denied any wrongdoing, pleading to be released and that he had done nothing wrong."  Id.  at ¶ 20.  These facts, taken as true, establish that Plaintiffs did not believe that they had committed any illegal act which justified detention and/or arrests by law enforcement.[7]  However, the facts in the Complaint do not establish what facts and circumstances were within the Defendants'

---

[6] Without such factual allegations, the Court is unable to meaningfully conclude whether the initial detention or the alleged arrests were lawful.

[7] Plaintiffs attempt to assert additional facts in their Response brief that are not contained in their Amended Complaint.  *See* Resp. [Doc. No. 20] at 5-8.  The Court does not consider these facts for purposes of a motion under Rule 12(b)(6) as such a motion tests the sufficiency of a *complaint*. *E.g.*, *Iqbal*, 550 U.S. at 556-57.

knowledge when they detained the Plaintiffs. While Plaintiffs make references to a firearm being discharged near the Gore Nitrogen facility, they do not allege what specific crime(s) that Defendants and other law enforcement suspected Plaintiffs committed. Plaintiffs also do not allege why they there suspected of committing the crime(s) the Defendants suspected they had committed, much less why that suspicious was unreasonable. While Plaintiffs allege that there was "a complete lack of evidence linking" Plaintiffs to the firearm discharge, *see*, *e.g.*, Am. Compl. [Doc. No. 3] at ¶ 3, Plaintiffs do not assert any facts to support the allegation. The Court finds that Plaintiffs' allegations as to the lack of evidence are conclusory. Plaintiffs are asserting claims relating to an unlawful seizure under the Fourth Amendment. As part of that claim, Plaintiffs must allege facts that demonstrate there was no arguable basis for their detention and/or arrests. Plaintiffs have not alleged facts which demonstrate a lack of probable cause and/or reasonable suspicion that a crime had been committed.[8]  Accordingly, the Court finds that dismissal of Plaintiffs' claims is warranted for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Plaintiffs' Response contains a threadbare argument that their claims "cannot be resolved on the pleadings alone" and they are entitled to conduct discovery as to their claims. *See* Resp. [Doc. No. 20] at 13. The cases referenced by Plaintiffs do not stand for such a proposition. Nevertheless, "[d]iscovery is authorized solely for parties to develop

---

[8] While the Court finds that Plaintiffs have not sufficiently alleged facts demonstrating that the Plaintiffs were unlawfully arrested and/or detained, the Court does not reach a conclusion as to whether there existed probable cause to arrest Plaintiffs. Likewise, the Court does not reach a conclusion as to whether there was reasonable suspicion justifying Plaintiffs' initial detention.

the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." *Shelton v. Sha Ent., LLC*, No. CV-20-644-D, 2020 WL 6389858, at *2 (W.D. Okla. Oct. 30, 2020) (quoting *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004)).   Although the circumstances of the detainments and/or arrests are skeptical as alleged, it does not entitle Plaintiffs to seek discovery against the Defendants without satisfying the applicable pleading standards.[9]   For the reasons previously stated, Plaintiffs have "failed to allege facts that are sufficient 'to raise a right to relief above the speculative level.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Defendants also assert that they are entitled to qualified immunity and dismissal of Plaintiffs' claims on such basis.  In each of their respective Motions to Dismiss, Defendants provide two paragraphs of general legal background for qualified immunity.  *See* Turner Mot. [Doc. No. 6] at 11-12; Rogers Mot. [Doc. No. 11] at 10-11.  However, Defendants provide no analysis of the application of qualified immunity to their circumstances, stating in a conclusory and perfunctory fashion that "Plaintiffs have failed to state a plausible § 1983 claim against Defendant in his individual capacity.  Accordingly, Defendant is entitled to qualified immunity with regard to Plaintiffs' claims and he should be dismissed." Turner Mot. [Doc. No. 6] at 12; Rogers Mot. [Doc. No. 11] at 11.  Such a bare

---

[9] Plaintiffs allege that they requested documents and materials from the Dewey County Sheriff's Office regarding the incident, to which the agency partially complied. *See* Am. Compl. [Doc. No. 3] at ¶ 28.  Plaintiffs received the law enforcement report and two videos from the questioning of David West. *See id*.  Despite obtaining at least some materials from Defendants, Plaintiffs did not allege any facts relating to the specific crime(s) Plaintiffs were suspected of committing and what information was in the possession of the Defendants.

assertion, without further argument, does not adequately raise the defense of qualified immunity. *See A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575-76 (10th Cir. 2021) (Qualified immunity argument containing "mostly general legal statements and empty platitudes" is insufficient to raise defense); *Tillmon v. Douglas Cnty.*, 817 F. App'x 586, 589-90 (10th Cir. 2020) (finding "perfunctory assertion of qualified immunity" at the district court level did not preserve issue for appeal); *see also Montoya v. Vigil*, 898 F.3d 1056, 1064-65 (10th Cir. 2018) ("Standing alone, a defendant's Rule 12(b)(6) argument fails to notify either the district court or the plaintiff that the defendant is invoking qualified immunity—with all its attendant complexity and possibility for interlocutory appeal."). Here, Defendants assertion of qualified immunity in their respective Motions is patently deficient. Accordingly, the Court declines to dismiss Plaintiffs' claims on the basis of qualified immunity.

## V.    Conclusion

For the reasons set forth above, Defendant Chris Turner's Motion to Dismiss Plaintiffs' Amended Complaint and Brief in Support [Doc. No. 6] and Defendant Jeramy Rogers' Motion to Dismiss Plaintiffs' Amended Complaint and Brief in Support [Doc. No. 11] are GRANTED. Plaintiffs David West's and Jennifer West's claims under 42 U.S.C. § 1983 are DISMISSED without prejudice. A separate judgment of dismissal shall be entered contemporaneously with this Order.

IT IS SO ORDERED this 20th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE